**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-5065**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DANIEL DEVON MORRIS,

                    Defendant – Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00456-TDS-1)

———————————

Submitted:  July 22, 2010            Decided:  July 29, 2010

———————————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas  N.  Cochran,  Assistant  Federal  Public  Defender,
Greensboro, North Carolina, for Appellant.  Michael A. DeFranco,
Assistant  United  States  Attorney,  Greensboro,  North  Carolina,
for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Devon Morris pled guilty pursuant to a written plea agreement to one count of knowingly attempting to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity, in violation of 21 U.S.C.A. § 2422(b) (West Supp. 2010). The district court imposed the statutory mandatory minimum sentence of 120 months in prison. Counsel for Morris filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court fashioned a reasonable sentence. Finding no reversible error, we affirm.

A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, 49-50 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Morris, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, and weighing the relevant § 3553(a) factors. Morris's guidelines range was 51 to 63 months but because of the statutory mandatory minimum sentence, his range became 120 months. Morris's 120-month sentence, which is the statutory sentence the district court was required to impose, may be presumed reasonable by this court. Pauley, 511 F.3d at 473. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Morris, in writing, of the right to petition the Supreme Court of the United States for further review. If Morris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morris. We deny Morris's motion to withdraw counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4